UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

|  |  |
|---|---|
| STEVEN J. PALANGE,<br>    Plaintiff,<br><br>v.<br><br>PAUL T. JONES,<br>    Defendant. | )<br>)<br>)<br>)<br>)  C.A. No. 21-cv-168-JJM-JJM-PAS<br>)<br>)<br>)<br>) |

### ORDER

Plaintiff Steven Palange has filed his third similar suit before this Court, challenging his proceedings in Rhode Island Family Court. ECF No. 1. Because Mr. Palange is collaterally estopped from attempting to relitigate his claims, his complaint is DISMISSED *sua sponte*. *See Herrera v. Wyoming*, 139 S. Ct. 1686, 1701 n.5 (2019) ("It can be 'appropriate in special circumstances' for a court to address a preclusion argument *sua sponte*.") (citation omitted).

Mr. Palange brings this suit against Rhode Island state court Magistrate Paul T. Jones, who Mr. Palange alleges "participates, is influenced by, and conspires with the corruptly administered and influenced family court." *Id.* at 3. Like his previous complaints before this Court, here Mr. Palange claims that the Rhode Island Family Court "abducts children from legal custodial and safe parents for the sole purposes of power, control, physical custody of minor children, and monetary gains." *Id.* Substantively, he is seeking to challenge the court's rulings concerning his child support obligations and parental rights.

The instant suit is precluded by the doctrine of collateral estoppel, which "bars litigation of an issue when that issue has been determined by a valid and final judgment." *Johnston Ambulatory Surgical Assocs., Ltd. v. Nolan*, 755 A.2d 799, 808 (R.I. 2000). "A party seeking to invoke the doctrine of collateral estoppel must establish that (1) the issue sought to be precluded in the later action is the same as that involved in the earlier action; (2) the issue was actually litigated; (3) the issue was determined by a valid and binding final judgment; and (4) the determination of the issue was essential to the judgment." *Ramallo Bros. Printing, Inc. v. El Dia, Inc.*, 490 F.3d 86, 90 (1st Cir. 2007)). A court may, *sua sponte*, raise the issue. *See, e.g., Arizona v. California*, 530 U.S. 392, 412 (2000) ("[I]if a court is on notice that it has previously decided the issue presented, the court may dismiss the action *sua sponte*, even though the defense has not been raised.") (citation omitted).

This suit meets all four elements of collateral estoppel. First, Mr. Palange's Complaint implicates issues identical to those in his prior lawsuits. Again, he challenges his treatment throughout and the outcomes of the Rhode Island Family Court proceedings following his divorce. While he brings his challenges against a new Defendant in the family court system, his request for declaratory relief is the same as his previous ones – that this Court review and declare unconstitutional his state court proceedings. ECF No. 1 at 4.

This issue has already been litigated, and this Court has found that it lacks subject-matter jurisdiction over the issues underlying Mr. Palange's claims. *Palange v. Updegrove et al.*, No. CV 19-340-JJM-PAS, 2021 WL 2018911 (D.R.I. May 20,

2021). There, this Court granted several defendants' motions to dismiss and *sua sponte* dismissed Mr. Palange's second similar complaint for lack of jurisdiction. For the purposes of collateral estoppel, this constituted a valid and binding final judgment. *Muniz Cortes v. Intermedics*, Inc., 229 F.3d 12, 14 (1st Cir. 2000) ("Dismissal for lack of subject matter jurisdiction precludes relitigation of the issues determined in ruling on the jurisdictional question."). The central issues there, as here, were the same challenged Rhode Island Family Court proceedings, which this Court determined it did not have subject-matter jurisdiction over pursuant to the *Rooker-Feldman* doctrine. Under the doctrine, federal district courts may not review final state court judgments. *Davison v. Gov't of Puerto Rico-Puerto Rico Firefighters Corps.*, 471 F.3d 220, 222 (1st Cir. 2006) (citing *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462, 482 (1983)). ("The Supreme Court [has] held that district courts d[o] not have the authority to review final judgments of state courts; only the Supreme Court has that power."). This holding was essential to the previous judgment and applies similarly to Mr. Palange's renewed attempt to have this Court review his state court proceedings.

Because the issues underlying Mr. Palange's suit have already been litigated, his Complaint is DISMISSED *sua sponte*. ECF No. 1.

IT IS SO ORDERED.

_____
John J. McConnell, Jr.
Chief United States District Judge

May 28, 2021